[709 NYS2d 195]

In the Matter of WILLIAM P. GEIER (Admitted as WILLIAM PHILIP GEIER), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 12, 2000

APPEARANCES OF COUNSEL

*Grace D. Moran*, Syosset (*Chris G. McDonough* of counsel), for petitioner.

*Virginia Boccio*, North Massapequa, for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition containing one charge of professional misconduct. The Special Referee sustained the charge after a hearing. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as the Court deems just and proper. In response to the motion, the respondent asks the Court to consider certain mitigating circumstances and to consider, as his final sanction, censure with a suspension for the period of time equivalent to that which has already elapsed since his interim suspension commenced.

Charge One alleged that the respondent converted escrow funds entrusted to him as attorney for Franco Lombardi and Angela Lombardi, who retained him to represent them in the sale of their home. The respondent received from the purchasers a down payment of $29,500 which he deposited into his escrow account on June 9, 1998. At the closing on August 17, 1998, the sum of $19,500 was released to the Lombardis. The respondent was to retain the remaining $10,000 pending the Lombardis vacating the premises within a certain period of time. The Lombardis vacated the premises on or about August 19, 1998, and the purchaser's attorney advised the respondent that the escrow funds could be released to them. The respondent failed to do so.

The respondent's escrow account did not contain sufficient funds to pay the Lombardis the $10,000 which he was obligated to have maintained for them. Bank records reveal that the respondent improperly invaded the escrow account. The respondent converted funds from the escrow account as follows:

(1) on July 1, 1998, he drafted a $3,000 check payable to himself;

(2) on July 24, 1998, he drafted a $1,000 check payable to himself; and

(3) on August 10, 1998, he drafted a $500 check payable to himself.

On the date of the closing, the respondent had only $25,129.80 in his escrow account, rather than the $29,500 down payment entrusted to him. When the Lombardis vacated the property on or about August 19, there was only $6,854.80 in the respondent's account, rather than the $10,000 he should have been holding in escrow on their behalf.

Based on the evidence adduced, including the stipulation at the outset of the hearing that the extent of the respondent's invasion of the Lombardi escrow fund was $4,250, the Special Referee properly sustained the charge. The Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider his expressed remorse, the absence of any significant disciplinary history, the fact that he has made full restitution, the extremely emotional circumstances surrounding his misconduct in light of the near fatal car accident of his estranged wife which rendered her acutely disabled, his attendance at counseling sessions since December 1998 to deal with his depressed mental state, and the fact that he has been suspended from the practice of law since February 1999.

Notwithstanding the mitigation offered, the respondent intentionally and knowingly invaded client escrow funds in a manner inconsistent with his role of fiduciary. Under the circumstances, he is disbarred for his professional misconduct.

MANGANO, P. J., BRACKEN, O'BRIEN, RITTER and SULLIVAN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, William P. Geier, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, William P. Geier is commanded to continue to desist

and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.